IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40682
Summary Calendar

_____

GREGORY A. SHANAFELT,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL OF TEXAS; TERRY BOX,
Collin County Sheriff; MARK SANDERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(No. 4:99-CV-279)
_____

November 7, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Former Texas prisoner Gregory A. Shanafelt appeals, *pro se*, a summary judgment in favor of Defendants in his 42 U.S.C. § 1983 action challenging the validity of his 1997 arrest. He does not brief any challenge either to the district court's dismissal of his claims against the Attorney General of Texas and Sheriff Terry Box or to the district court's imposition of sanctions against him;

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these issues are deemed abandoned.  *See* **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987).

Shanafelt's conclusional allegations that the judge's signature on the arrest warrant is invalid cannot overcome summary judgment, *see* **Michaels v. Avitech, Inc.**, 202 F.3d 746, 754-55 (5th Cir.), *cert. denied*, 531 U.S. 926 (2000); his contentions regarding statements made to a reporter do not give rise to a genuine issue of material fact, *see* FED. R. CIV. P. 56(c); and his contention that defendant Sanderson lied in his affidavit in support of the arrest warrant is frivolous in the light of the record.  In sum, the record reflects that Sanderson arrested Shanafelt pursuant to a valid arrest warrant.

Thus, there was no genuine issue as to any material fact, and Defendants were entitled to a judgment as a matter of law.  *See, e.g.,* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986) FED. R. CIV. P. 56.  Because Shanafelt's appeal is without arguable merit, it is frivolous and must be dismissed.  *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

In the light of this appeal being frivolous, we **GRANT** Appellees' motion for sanctions to the extent they seek to recover their costs for defending *this appeal*.  We therefore **ORDER** Shanafelt to pay $2345.53, the verified costs presented to this court for the proceedings taken since the filing of the notice of appeal.  Shanafelt is hereby warned that the filing of future

2

frivolous appeals in this court could result in the imposition of further sanctions, including monetary sanctions or bars on future filings.

*APPEAL DISMISSED AS FROLOUS;*
*APPELLEES' MOTION FOR SANCTIONS GRANTED IN PART;*
*SANCTIONS WARNING ISSUED*